THE HONORABLE ROBERT S. LASNIK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| GABRIEL NAVARRO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>REALPAGE, INC.; GREYSTAR REAL ESTATE PARTNERS, LLC; CUSHMAN & WAKEFIELD, INC.; PINNACLE PROPERTY MANAGEMENT SERVICES, LLC; BH MANAGEMENT SERVICES, LLC; CAMPUS ADVANTAGE, INC.; CARDINAL GROUP HOLDINGS LLC; CA VENTURES GLOBAL SERVICES, LLC; D.P. PREISS COMPANY, INC.; THE MICHAELS ORGANIZATION, LLC and INTERSTATE REALTY MANAGEMENT COMPANY,<br><br>Defendants. | No. 2:22-cv-01552-RSL<br><br>DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO CONSOLIDATE CASES PURSUANT TO FRCP 42(a) |

## INTRODUCTION

Defendants oppose Plaintiffs' Motion to Consolidate Cases Pursuant to FRCP 42(a) [Dkt. 67] ("Motion to Consolidate") because it is premature. The landscape of this litigation is rapidly evolving. [Dkt. 71]. Other plaintiffs, represented by other attorneys, continue to file cases across the country and a transfer motion is pending before the Judicial Panel on Multidistrict Litigation ("Panel"). *See In re: Apartment Rental Software Antitrust Litigation*, Case MDL Pending No. 1

[Dkt. 1]. The Court should thus deny Plaintiffs' Motion to Consolidate outright or at least defer it until the Panel decides the pending motion to transfer.

This case is one of 25 actions in eight jurisdictions across the country, including this District, including two cases in the Western District of Texas, two in the District of Massachusetts, three in the District of Colorado, one in the District of New Mexico, one in the District of Columbia, one in the Middle District of Tennessee, and one in the District of Arizona ("Related Actions").[1] All but one of these cases purport to be putative class actions, with varying, and at times overlapping, putative classes.[2] The gist of each complaint is similar: the plaintiffs allege Defendants agreed to artificially inflate rental rates for apartments using RealPage's revenue management software.[3]

---

[1] These twenty-five related actions are: (1) *Alvarez et al. v. RealPage, Inc. et al.*, No. 2:22-cv-01617-RSL (W.D. Wash. Nov. 10, 2022); (2) *Cherry et al. v. RealPage, Inc. et al.*, No. 2:22-cv-01618 (W.D. Wash. Nov. 11, 2022); (3) *Morgan et al. v. RealPage, Inc. et al.*, No. 2:22-cv-01712 (W.D. Wash. Dec. 2, 2022); (4) *Armas et al. v. RealPage, Inc. et al.*, No. 2:22-cv-01726 (W.D. Wash. Dec. 6, 2022); (5) *Johnson v. RealPage, Inc. et al.*, No. 2:22-cv-01734 (W.D. Wash. Dec. 7, 2022); (6) *Silverman et al. v. RealPage, Inc. et al.*, No. 2:22-cv-01740 (W.D. Wash. Dec. 8, 2022); (7) *Bohn et al. v. RealPage, Inc. et al.*, No. 2:22-cv-01743 (W.D. Wash. Dec. 9, 2022); (8) *Pham et al. v. RealPage, Inc. et al.*, No. 2:22-cv-01744 (W.D. Wash. Dec. 9, 2022); (9) *Weaver v. RealPage, Inc. et al.*, No. 1:22-cv-03224 (D. Colo. Dec. 14, 2022); (10) *Godfrey v. RealPage, Inc. et al.*, No. 2:22-cv-01759 (W.D. Wash. Dec. 13, 2022); (11) *Zhovmiruk v. RealPage, Inc. et al.*, No. 2:22-cv-01779 (W.D. Wash. Dec. 16, 2022); (12) *White v. RealPage, Inc. et al.*, No. 1:22-cv-12134 (D. Mass. Dec. 16, 2022); (13) *Vincin et al. v. RealPage, Inc. et al.*, No. 1:22-cv-01329 (W.D. Tex. Dec. 19, 2022); (14) *Carter v. RealPage, Inc. et al.*, No. 1:22-cv-1332 (W.D. Tex. Dec. 19, 2022); and (15) *Boelens v. RealPage, Inc. et al.*, No. 2:22-cv-01802 (W.D. Wash. Dec. 20, 2022); (16) *Mackie v. RealPage, Inc. et al.*, No. 1:23-cv-00011 (D. Colo. Jan. 3, 2023); (17) *Moore v. The Irvine Co., LLC.*, 2:22-cv-01826 (W.D. Wash. Dec. 27, 2022); (18) *Watters v. RealPage, Inc. et al.*, No. 3:22-cv-01082 (M.D. Tenn. Dec. 30, 2022); (19) *Augustson v. RealPage, Inc. et al.*, No. 1:22-cv-00976 (D.N.M. Dec. 27, 2022); (20) *Kramer v. RealPage, Inc. et al.*, No. 1:22-cv-03835 (D.D.C. Dec. 29, 2022); (21) *Precht v. RealPage, Inc. et al.*, No. 1:22-cv-12230 (D. Mass. Dec. 29, 2022); (22) *Yusupov v. RealPage, Inc. et al.*, No. 2:23-cv-000013-RSL (W.D. Wash. Jan. 4, 2023); (23) *Bertlshofer v. RealPage, Inc. et al.*, No. 2:23-cv-000018-RSL (D. Ariz. Jan. 5, 2023); *Enders v. RealPage, Inc. et al.*, No. 1:23-cv-00055 (D. Colo Jan. 9, 2023); and this case (25) *Navarro v. RealPage, Inc. et al.*, No. 2:22-cv-01552 (W.D. Wash. Nov. 2, 2022).

[2] *See Navarro*, Compl. ¶ 73 (nationwide class); *Vincin*, Compl. ¶ 78 (Austin, Dallas, and Houston classes); *Carter*, Compl. ¶ 78 (Austin, Dallas, and Houston classes); *Morgan*, 2:22-cv-01712, Compl. ¶ 124 (nationwide class); *Alvarez*, Compl. ¶ 290 (nationwide class); *Cherry*, Compl. ¶ 77 (Seattleclass); *Armas*, 2:22-cv-01726, Compl. ¶ 82 (nationwide class, North Carolina subclass, and Florida subclass); *Johnson*, 2:22-cv-01734, Compl. ¶ 82 (nationwide class); *Silverman*, 2:22-cv-01740, Compl. ¶ 82 (New York City metro area class); *Bohn*, 2:22-cv-01743, Compl. ¶ 74 (nationwide class); *Pham*, Compl. ¶¶ 92–93 (nationwide class as well as Washington, California, and Florida subclasses); *Godfrey*, 2:22-cv-01759, Compl. ¶ 82 (nationwide class); *Weaver*, Compl. ¶ 88 (Greater Denver metro area class); *White*, Compl. ¶ 81 (Greater Boston metro area class); *Zhovmiruk*, Compl. ¶ 85 (nationwide class); *Boelens*, Compl. ¶ 81 (Greater Seattle metro area subclass); *Moore*, Compl. ¶ 103 (nationwide class); *Kramer*, Compl. ¶ 81 (Greater Washington, D.C. metro area class); *Precht*, Compl. ¶ 81 (Greater Boston metro area class); *Watters*, Compl. ¶ 76 (Greater Nashville metro area class); *Mackie*, Compl. ¶ 87 (Greater Denver metro area class); *Yusupov*, Compl. ¶ 116 (nationwide class); *Bertlshofer*, Compl. ¶ 79 (Greater Phoenix metro area class); *Augustson*, Comp. p.2 (New Mexico class); *Enders*, Compl. ¶ 87 (Greater Denvo metro area)

[3] *See Navarro*, Compl. ¶¶ 1, 4, 10 (as to student housing leases); *Alvarez*, Compl. ¶¶ 2, 7; *Cherry*, Compl. ¶¶ 3–4; *Morgan*, 2:22-cv-01712, Compl. ¶¶ 1, 11; *Armas*, 2:22-cv-01726, Compl. ¶¶ 5, 11; *Johnson*, 2:22-cv-01734, Compl.

DEFENDANTS' RESPONSE TO MOTION TO CONSOLIDATE
No. 2:22-cv-01552-RSL

Because of these similarities, all of the Related Actions should be centralized before a single judge. Plaintiffs' Motion fails to achieve that goal because it seeks only partial consolidation of the Related Actions. But partial consolidation is not the answer. Even if all 11 cases subject to this motion are consolidated, there will still be 14 other cases filed in seven other jurisdictions that are not consolidated. Despite a footnote in Plaintiffs' opening brief promising that the plaintiffs in all of the Related Actions might voluntarily consolidate all of their actions in this district, no such consolidation has occurred; in fact, cases filed in other jurisdictions have only proliferated since Plaintiffs filed this Motion. Absent such voluntary consolidation, the procedural efficiencies that Plaintiffs' opening brief imagines are non-existent, and the procedural assumptions underlying Plaintiffs' motion are no longer true. Under these circumstances, the proper means to consolidate all 25 Related Actions is through the renewed Motion to Transfer and Centralization Pursuant to 28 U.S.C. § 1407 filed on January 4, 2023 ("1407 Motion"). *In re: Apartment Rental Software Antitrust Litigation*, Case MDL Pending No. 1 [Dkt. 1]. Thus, Plaintiffs' request to consolidate is untimely at best.

Plaintiffs appear to recognize this fact. In a recent filing in *Morgan*, Plaintiffs admitted that counsel in several Related Actions filed throughout the country have "rejected [voluntary] efforts to coordinate." *Morgan*, Plaintiffs' Reply in Support of Motion to Appoint Interim Co-Lead Counsel at 4 [Dkt. 127]. Moreover, Plaintiffs anticipate litigating the proper venue for this case before the Judicial Panel on Multidistrict Litigation. *Id.* Plaintiffs have never explained why it is necessary to consolidate some of the cases when they are actively litigating the consolidation issue before the JPML. Indeed, this motion is precisely the sort of duplicative motions practice that the JPML process was designed to avoid.

¶¶ 1, 5; *Silverman*, 2:22-cv-01740, Compl. ¶¶ 3-7; *Bohn*, 2:22-cv-01743, Compl. ¶ 3; *Pham*, Compl. ¶¶ 10-11; *Godfrey*, 2:22-cv-01759, Compl. ¶¶ 1, 4; *Weaver*, Compl. ¶ 13; *White*, Compl. ¶ 13; *Zhovmiruk*, Compl. ¶¶ 1, 10; *Vincin*, Compl. ¶¶ 1, 13; *Carter*, Compl. ¶¶ 1, 13; *Boelens*, Compl. ¶¶ 11, 13; *Moore*, Compl. ¶¶ 1, 10; *Augustson*, Compl. p. 5; *Kramer*, Compl. ¶¶ 1, 13; *Precht*, Compl. ¶¶ 4, 13; *Watters*, Compl. ¶¶ 1, 3, 13; *Mackie*, Compl. ¶¶ 1, 3, 13; *Yusupov*, Compl. ¶¶ 1, 4–5; *Bertlshofer*, Compl. ¶¶ 1, 2, 13; *Enders* ¶¶ 1, 3, 13.

# ARGUMENT

**A.      Plaintiffs Have the Burden of Showing That Consolidation is Appropriate.**

Under Rule 42, the "district court has broad discretion . . . to consolidate cases pending in the same district." *Investors Rsch. Co. v. U.S. Dist. Court for Cent. Dist. of* Cal., 877 F.2d 777, 777 (9th Cir. 1989). As the moving parties, Plaintiffs "bear[] the burden of showing that consolidation is appropriate." *Huebner v. Am. Fam. Connect Prop. & Cas. Ins. Co.*, 2022 WL 4754253, at *1 (W.D. Wash. Oct. 3, 2022). Plaintiffs must show: (1) the actions share common questions of law and fact; (2) consolidation would save all parties time and effort; and (3) consolidation would not produce inconvenience, delay, and unnecessary expense. *See Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984) (citing Rule 42(a)).

**B.      Consolidation is Premature and Will Not Promote Judicial Efficiency.**

Plaintiffs spend the bulk of their Motion pointing to allegedly common questions of law and fact. *See* Plaintiffs' Motion to Consolidate [Dkt. 67]. Even assuming the actions present common questions, the "mere existence of common issues . . . does not mandate consolidation." *Applied Materials, Inc. v. Advanced Semiconductor Materials Am., Inc.*, 1994 WL 16780779, at *1 (N.D. Cal. Apr. 19, 1994) (quotation omitted).[4] Instead, "[t]he court weighs the saving of time and effort that consolidation under Rule 42(a) would produce against any inconvenience, delay, or expense that it would cause for the litigants and the trial judge." *Nelson v. Paulson*, 2008 WL 11347440, at *1 (W.D. Wash. Sept. 25, 2008) (internal quotations omitted). The problem is that the Plaintiffs' arguments as to common questions of law and fact similarly apply to the 14 cases not covered by this Motion, thereby robbing the parties—and Defendants especially—of the benefits of consolidation because fragmented, duplicative, and inefficient litigation necessarily would result.

---

[4] As explained in the renewed 1407 Motion, the similar factual allegations support consolidation or coordination under Section 1407. Yet the "criteria for a class determination pursuant to Rule 23 of the Federal Rules of Civil Procedure are different from the criteria for transfer pursuant to 28 U.S.C. § 1407," *In re 7-Eleven Franchise Antitrust Litig.*, 358 F. Supp. 286, 287 (J.P.M.L. 1973), and Defendants dispute that Plaintiffs can prove commonality, adequacy, typicality, predominance, or any other Rule 23 requirement.

DEFENDANTS' RESPONSE TO MOTION TO CONSOLIDATE
No. 2:22-cv-01552-RSL

Thus, consolidating 11 of the 25 Related Actions—*before* courts decide the 1407 Motion—does not promote efficiency. *See, e.g.*, *Sprint Commc'ns, L.P. v. Cox Commc'ns, Inc.*, 2012 WL 1825222, at *1 (D. Kan. May 18, 2012) ("Due to the pending motions to dismiss and transfer in this case, the Court finds that judicial economy would not be served by consolidation at this time[.]").[5] If the Court were to address consolidation now, the Court may later need to unwind or revise any decision, depending on how the Panel decides the 1407 Motion. The more efficient course is to deny this and wait for events to unfold.

Plaintiffs do not explain why the Court should rush to address their request to consolidate a subset of cases before the transfer motions are decided. They claim in a footnote that "[c]ounsel for Plaintiffs are reaching out to those counsel to see if they will consent to transfer and consolidation in this District as well." Motion to Consolidate n.1, but, as noted above, Plaintiffs have more recently acknowledged that this outreach has been unsuccessful. *See Morgan*, Plaintiffs' Reply in Support of Motion to Appoint Interim Co-Lead Counsel at 4 [Dkt. 127]. Further, Plaintiffs have not undertaken even the basic steps in the minority of cases they brought and control. To wit, Plaintiffs have not yet served several of the defendants in the 11 actions that Plaintiffs are now in a rush to consolidate. Accordingly, the Court does not yet have jurisdiction over such defendants, who likely are not even aware of Plaintiffs' Motion. So there are several plaintiffs and several defendants that necessarily would not benefit by this motion.

Plaintiffs also ignore that other plaintiffs have expressed views indicating an affirmative unwillingness to litigating in this District. Counsel for Plaintiff Laura Boelens—the same plaintiffs' counsel in the Colorado, Massachusetts, and Texas Related Actions—intervened here and argued that appointing class counsel is premature given the other actions pending across the

---

[5] *Accord Ledalite Architectural Prod. v. Focal Point, L.L.C.*, 2008 WL 4964733, at *1 (W.D. Wis. Nov. 14, 2008) (denying consolidation when motion to transfer pending); *John Mezzalingua Assocs., Inc. v. Arris Int'l, Inc.*, 2003 WL 23282591, at *1 (W.D. Wis. July 15, 2003) (denying consolidation when motions to transfer were pending because "the fact that one or both of these cases may be more appropriately decided in another venue counsels against consolidation at this time"); *see also* "About the Panel," *available at* https://www.jpml.uscourts.gov/about-panel (last accessed Jan. 9, 2023) (explaining "[t]he purposes of this transfer or 'centralization' process are to avoid duplication of discovery, to prevent inconsistent pretrial rulings, and to conserve the resources of the parties, their counsel and the judiciary").

DEFENDANTS' RESPONSE TO MOTION TO CONSOLIDATE
No. 2:22-cv-01552-RSL

country. *See* Interested Party Resp. to Mot. to Appoint Class Counsel at 3 [Dkt. 70].[6] Ms. Boelens also filed a Notice of Related Case stating that she "believes the Judicial Panel of Multidistrict Litigation is best suited to determine the appropriate transferee venue, and expects the Panel will take up this inquiry in the very near future in response to anticipated filings by the parties." *Boelens v. RealPage, Inc. et al.*, No. 2:22-cv-01802 (W.D. Wash.) [Dkt. 30]. Thus, at least some plaintiffs agree that the Panel should decide whether and where to consolidate these cases.

From the beginning, Defendants have worked to avoid exactly what Plaintiffs now ask for—piecemeal consolidation. Defendants filed a Rule 1407 Motion that the Panel initially dismissed as moot when the cases filed at that time had been dismissed and refiled in this Court. *See In re: Apartment Rental Software Antitrust Litig.*, Case MDL No. 3066 [Dkt. 1].[7] But circumstances have changed considerably. Since the Panel's initial ruling, plaintiffs filed 14 new class actions, implicating seven other jurisdictions. New Related Actions are being filed in new jurisdictions each week. A motion to transfer is pending. Because this Court cannot consolidate all of the cases, the MDL process is better equipped to address centralization—and Defendants have sought just that. *See Investors Rsch. Co.*, 877 F.2d at 777 ("The district court has broad discretion under this rule to consolidate cases pending in the *same* district." (emphasis added)).

Premature and piecemeal consolidation helps no one. Granting Plaintiffs' premature Motion to Consolidate will, at best, lead to a patchwork of cases across the country, giving rise to possible inconsistent judgments, duplicative work, and other inefficiencies.

## CONCLUSION

Given the rapidly evolving landscape and the pending transfer motion, the Court should deny the instant motion, which seeks consolidation of only a minority of the pending actions. Judicial and party efficiency favors resolving the pending transfer motion first, which may

---

[6] Plaintiff in *Boelens v. RealPage, Inc. et al.*, No. 2:22-cv-01802 (W.D. Wash.).

[7] When Defendants filed their original § 1407 motion, multiple actions were pending outside the Western District of Washington, but, after the motion was filed, Plaintiffs dismissed those actions and re-filed several here, likely to try to moot the motion.

DEFENDANTS' RESPONSE TO MOTION TO CONSOLIDATE
No. 2:22-cv-01552-RSL

6

Case 2:22-cv-01552-RSL   Document 76   Filed 01/09/23   Page 7 of 12

resolve the consolidation issue for *all* Related Actions, rather than a subset. Plaintiffs' Motion to Consolidate should be denied.

Dated this 9th day of January, 2023

Respectfully submitted,

DEFENDANTS' RESPONSE TO MOTION TO CONSOLIDATE
No. 2:22-cv-01552-RSL

7

| | |
|---|---|
| /s/ *Emily Brubaker Harris* | /s/ *Heidi Bradley* |
| Emily Brubaker Harris (WSBA No. 35763) | Heidi Bradley (WSBA No. 35759) |
| eharris@corrcronin.com | hbradley@bradleybernsteinllp.com |
| CORR CRONIN, LLP | BRADLEY BERNSTEIN SANDS LLP |
| 1015 Second Avenue, Floor 10 | 113 Cherry Street, PMB 62056 |
| Seattle, WA 98104-1001 | Seattle, WA 98104-2205 |
| Telephone: (206) 625-8600 | Telephone: (206) 337-6551 |
| | |
| Stephen McIntyre (*pro hac vice*) | Darin Sands (WSBA No. 35865) |
| smcintyre@omm.com | dsands@bradleybernsteinllp.com |
| O'MELVENY & MYERS LLP | BRADLEY BERNSTEIN SANDS LLP |
| 400 South Hope Street, 18th Floor | 1425 SW 20th Ave., Suite 201 |
| Los Angeles, CA 90071 | Portland, OR 97201 |
| Telephone: (213) 430-8382 | Telephone: (503) 734-2480 |
| | |
| Ian Simmons (*pro hac vice*) | /s/ *Stephen Weissman* |
| isimmons@omm.com | Stephen Weissman (*pro hac* vice) |
| O'MELVENY & MYERS LLP | sweissman@gibsondunn.com |
| 1625 Eye Street, NW | Michael J. Perry (*pro hac* vice) |
| Washington, DC 29996 | mjperry@gibsondunn.com |
| Telephone: (202) 383-5106 | GIBSON, DUNN & CRUTCHER LLP |
| | 1050 Connecticut Avenue, NW |
| *Counsel for Defendant BH Management Services, LLC* | Washington, DC 20036 |
| | Telephone: (202) 955-8678 |
| /s/ *Allison K. Krashan* | Daniel G. Swanson (*pro hac* vice) |
| Allison K. Krashan (WSBA No. 36977) | dswanson@gibsondunn.com |
| akrashan@schwabe.com | Jay Srinivasan (*pro hac* vice) |
| Cynthia Sue-Jin Park (WSBA No. 58012) | jsrinivasan@gibsondunn.com |
| cpark@schwabe.com | GIBSON, DUNN & CRUTCHER LLP |
| SCHWABE WILLIAMSON & WYATT | 333 South Grand Avenue |
| 1420 5th Ave Ste 3400 | Los Angeles, CA 90071 |
| Seattle, WA 98101-2339 | Telephone: (213) 229-7430 |
| Telephone: (206) 622-1711 | |
| | Ben A. Sherwood (*pro hac* vice) |
| Timothy R. Beyer (*pro hac vice*) | bsherwood@gibsondunn.com |
| tim.beyer@bclplaw.com | GIBSON, DUNN & CRUTCHER LLP |
| BRYAN CAVE LEIGHTON PAISNER LLP | 200 Park Avenue |
| 1700 Lincoln Street, Suite 4100 | New York, NY 10166 |
| Denver, CO 80203 | Telephone: (212) 351-2671 |
| Telephone: (303) 866-0481 | |
| | *Counsel for Defendant RealPage, Inc.* |
| Sarah Hartley (*pro hac vice*) | |
| sarah.hartley@bclplaw.com | /s/ *Christopher W. Nicoll* |
| BRYAN CAVE LEIGHTON PAISNER LLP | Christopher W. Nicoll (WSBA No. 20771) |

DEFENDANTS' RESPONSE TO MOTION TO CONSOLIDATE
No. 2:22-cv-01552-RSL

| | |
|---|---|
| 1155 F Street, N.W.<br>Washington, DC 20004<br>Telephone: (303) 866-0363<br><br>*Counsel for Defendant Cardinal Group Holdings LLC*<br><br>/s/ *William L. Monts, III*<br>William L. Monts, III (*pro hac vice* forthcoming)<br>william.monts@hoganlovells.com<br>Benjamin F. Holt (*pro hac vice* forthcoming)<br>benjamin.holt@hoganlovells.com<br>HOGAN LOVELLS US LLP<br>555 Thirteenth Street, NW<br>Washington, DC 20004<br>Telephone: (202) 637-6440<br><br>Michael M. Maddigan (*pro hac vice* forthcoming)<br>michael.maddigan@hoganlovells.com<br>HOGAN LOVELLS US LLP<br>1999 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Telephone: (310) 785-4727<br><br>*Counsel for Defendant Greystar Real Estate Partners, LLC*<br><br>/s/ *Michael F. Murray*<br>Michael F. Murray (*pro hac vice*)<br>michaelmurray@paulhastings.com<br>Noah Pinegar (*pro hac vice*)<br>noahpinegar@paulhastings.com<br>PAUL HASTINGS LLP<br>2050 M Street, NW<br>Washington, DC 20036<br>Telephone: (202) 551-1730<br><br>J. Chad Mitchell (WSBA No. 39689)<br>Chadm@summitlaw.com<br>Christopher T. Wion (WSBA No. 33207)<br>Chrisw@summitlaw.com<br>SUMMIT LAW GROUP<br>315 5th Ave S, Ste 1000 | cnicoll@nicollblack.com<br>Melinda R. Drogseth (WSBA No. 40711)<br>mdrogseth@nicollblack.com<br>NICOLL BLACK & FEIG<br>1325 Fourth Avenue Suite 1650<br>Seattle, WA 98101<br>Telephone: (206) 838-7515<br><br>Marisa Secco Giles (*pro hac vice*)<br>mgiles@velaw.com<br>VINSON & ELKINS LLP<br>200 West 6th Street, Suite 2500<br>Austin, Texas 78701<br>Telephone: (512) 542-8781<br><br>Jason M. Powers (*pro hac vice*)<br>jpowers@velaw.com<br>VINSON & ELKINS LLP<br>845 Texas Avenue, Suite 4700<br>Houston, Texas 77002<br>Telephone: (713) 758-2522<br><br>*Counsel for Defendant Campus Advantage, Inc.*<br><br>/s/ *Jeremy J. Calsyn*<br>Jeremy J. Calsyn (*pro hac vice* forthcoming)<br>jcalsyn@cgsh.com<br>Leah Brannon (*pro hac vice* forthcoming)<br>lbrannon@cgsh.com<br>Kenneth Reinker (*pro hac vice* forthcoming)<br>kreinker@cgsh.com<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>2112 Pennsylvania Avenue, NW<br>Washington, DC 20037<br>Telephone: (202) 974-1522<br><br>Joseph M. Kay (*pro hac vice* forthcoming)<br>jkay@cgsh.com<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, NY 10006<br>Telephone: (212) 225-2745 |

DEFENDANTS' RESPONSE TO MOTION TO CONSOLIDATE
No. 2:22-cv-01552-RSL

Seattle, WA 98104
Telephone: 206-676-7000

*Counsel for Defendant CA Ventures Global Services, LLC*

*Counsel for Defendants Cushman & Wakefield, Inc. and Pinnacle Property Management Services, LLC*

*s/ Devon J. McCurdy*
Devon J. McCurdy (WSBA No. 52663)
mccurdyd@lanepowell.com
Lane Powell PC
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, Washington 98111-9402
Telephone: 206-223-7000

Amy B. Manning (*pro hac vice*)
amanning@mcguirewoods.com
Angelo M. Russo (*pro hac vice*)
arusso@mcguirewoods.com
MCGUIRE WOODS LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601
Telephone: (312) 750-8904

*Counsel for Defendant DP Preiss Company, Inc.*

/s/ *Fred B. Burnside*
Fred B. Burnside (WSBA No. 32491)
fredburnside@dwt.com
MaryAnn T. Almeida (WSBA No. 49086)
maryannalmeida@dwt.com
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: (206) 757-8016

Yonaton Rosenzweig (*pro hac vice* forthcoming)
yonirosenzweig@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa Street, Suite 2400
Los Angeles, CA 90017

DEFENDANTS' RESPONSE TO MOTION TO CONSOLIDATE
No. 2:22-cv-01552-RSL

*Counsel for Defendants The Michaels Organization and Interstate Realty Management Co.*

DEFENDANTS' RESPONSE TO MOTION TO CONSOLIDATE
No. 2:22-cv-01552-RSL

**CERTIFICATE OF SERVICE**

I hereby certify that on January 9, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.

DATED this 9th day of January, 2023.

> *s/ Heidi B. Bradley*
> Heidi B. Bradley